JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Telephone: (323) 979-2063
Facsimile: (323) 488-6748

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**
**Sacramento Division**

| | |
|---|---|
| Esmerelda Carbajal, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br>Midland Credit Management, Inc., Midland Funding, LLC and John Does 1-25,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Esmerelda Carbajal (hereinafter, "Plaintiff" or "Carbajal"), a California resident, brings this Class Action Complaint by and through her attorney, Jonathan Stieglitz, Esq. against Defendant Midland Credit Management, Inc. (hereinafter "Defendant Midland Credit") and Midland Funding, LLC (hereinafter "Defendant Midland Funding"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

# INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

# JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to this claim occurred.

## **NATURE OF THE ACTION**

5. Plaintiff brings this class action on behalf of a class of California consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## **PARTIES**

7. Plaintiff is a resident of the State of California, County of Sacramento, with an address of 8861 Boreal Way, Elk Grove, California.

8. Defendant Midland Credit is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 3111 Camino Del Rio North Ste 103, San Diego, CA 92108 and may be served with process upon the Corporation Service Company (doing business in California as

CSC-Lawyers Incorporating Service), its registered agent for service of process, at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

8. Upon information and belief, Defendant Midland Credit is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant Midland Funding is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 3111 Camino Del Rio North Ste 103, San Diego, CA 92108 and may be served with process upon the Corporation Service Company (doing business in California as CSC-Lawyers Incorporating Service), its registered agent for service of process, at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

10. Upon information and belief, Defendant Midland Funding is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

   a. all individuals with addresses in the State of California;

   b. to whom Defendant Midland Credit sent a collection letter attempting to collect a consumer debt;

   c. on behalf of Defendant Midland Funding;

   d. containing multi payment settlement offers;

   e. without disclosing that if a partial payment is made along with some form of written acknowledgement, it will restart the statute of limitations;

   f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14. The Sub-Class consists of:

   a. all individuals with addresses in the state of California;

   b. to whom Defendant Midland Credit sent a collection letter attempting to collect a consumer debt;

   c. on behalf of Defendant Midland Funding;

   d. containing deceptively worded settlement offers;

  e. which letter was sent was filed on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

15.  The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16.  Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17.  There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e and 1692f.

18.  The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §l692e and 1692f.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff have no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits,

complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **<u>FACTUAL ALLEGATIONS</u>**

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23. Some time prior to July 26, 2018, an obligation was allegedly incurred to Citibank, N.A. by Plaintiff.

24. The Citibank, N.A. obligation arose out of transactions in which money, property, insurance or services were the subject of the transactions.

25. The alleged Citibank, N.A. obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

26. Citibank, N.A. is a "creditor" as defined by 15 U.S.C. §1692a(4).

27. Defendant Midland Funding purportedly purchased the alleged Citibank, N.A. debt.

28. Defendant Midland Funding, contracted with the Defendant Midland Credit to collect the alleged debt.

29. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation I – July 26, 2018 Collection Letter*

30. On or about July 26, 2018, Defendant Midland Credit sent Plaintiff a collection letter (the "Letter") regarding the alleged debt currently owed to Defendant. **See Exhibit A**.

31. The letter states:

"The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, Midland Funding LLC may continue to report it to the credit reporting agencies as unpaid as long as the law permits this reporting."

32. The letter also contains multi month payment plan settlement offers.
33. The Defendant fails to inform the consumer that making a payment along with some form of written acknowledgement will restart the statute of limitations for a lawsuit to occur.

34. The letter fails to inform the consumer of the true ramifications of making a payment with a written acknowledgement.

35. The Defendants' omission could likely lead to the Plaintiff making a partial payment with a written acknowledgement and thereby unknowingly cause her to restart the statute of limitations.

36. Additionally, the Letter contain 3 different payment options.

a) Option 1, 40% off.

b) Option 2, 20% off.

c) Option 3, Monthly payments as low as $50 a month.

37. The third option provided by Defendant is not adequately explained and results in two different possible interpretations.

38. First, Option 3 might be construed to be an option where a discounted amount is being paid in monthly payments of $50 a month.

39. Second, Option 3 might be construed to be an option where monthly payments of $50 would be made until the debt is paid off.

40. By failing to explain whether Option 3 is a settlement option or a full pay option, the Letter is false, deceptive and misleading.

41. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged

## COUNT I
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e** *et seq.*

42. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

43. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e.

44. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

45. Defendants violated said section

    a. by omitting material information creating a false and misleading representation of the status of the debt and the true ramifications of making a payment in violation of §1692e(10); and

    b. by falsely representing the character, amount or legal status of the debt in violation of §1692e(2)(A);

43. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

46. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

47. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

48. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

49. Defendants violated this section by omitting material information that gave Plaintiff a false understanding of the proper legal status of the debt and the ramifications of specific actions.

50. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

51. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Esmerelda Carbajal, individually and on behalf of all others similarly situated, demands judgment from Defendants Midland Credit Management, Inc. and Midland Funding, LLC and as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Jonathan Stieglitz, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

.

Dated: July 16, 2019

                                              Respectfully Submitted,

                                              THE LAW OFFICES OF
                                              JONATHAN A. STIEGLITZ

                                        By:     /s/ Jonathan A Stieglitz
                                                     Jonathan A Stieglitz